lv

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, | ) ) ) ) ) | FILED: APRIL 15, 2009<br>09CV2287<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE DENLOW<br>AO |
| Plaintiff, | ) ) | |
| -vs- | ) ) | No._____ |
| THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## <u>COMPLAINT AT LAW</u>

NOW COMES the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, by her attorneys, GOLDSTEIN, FLUXGOLD & BARON, P.C., and complaining of the Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, states as follows:

## <u>JURISDICTION</u>

That this is an action against the United States, Dr. Arthur Hoffman, Dr. Rene Vasquez, the Metropolitan Correctional Center, and its correctional officers, staff, supervisors, employees, agents and apparent agents, including but not limited to, Unknown Correctional Officer One and Unknown Correctional Officer Two, to redress deprivations under color of law of the rights, privileges and immunities secured by the Eighth Amendment to the United States Constitution and Title 42, U.S.C.,

Section 1983, and for negligence and willful and wanton misconduct brought pursuant to Federal Tort Claims Act, 28 U.S.C., Section 2761, et seq., and 28 U.S.C.S. § 1346(b). That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

## PARTIES

That on May 1, 2007, and at all times relevant herein, the Plaintiff's decedent, HABIB SOLEBO, was a resident of the United States, and was imprisoned at the Metropolitan Correctional Center in the State of Illinois. That the Plaintiff, DOMINIQUE FORD-SHOLEBO, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Cook and the City of Chicago. The Plaintiff, DOMINIQUE FORD-SHOLEBO, was appointed by Circuit Court of Cook County Judge Susan M. Coleman as the Independent Administrator of the Estate of Habib Solebo and was granted leave to pursue causes of action on behalf of the decedent, Habib Solebo on January 22, 2009. (See attached Order Appointing Representative of Decedent's Estate- Intestate and Order granting leave, attached hereto as Exhibit "A" and "B" respectively.)

The United States of America owns and operates the Defendant, METROPOLITAN CORRECTIONAL CENTER. That on May 1, 2007, and at all times relevant herein, the Defendants, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and the correctional officers, physicians, staff, supervisors, employees, agents and apparent agents of Metropolitan

2

Correctional Center were employees, agents and apparent agents of the Unites States of America.

## CAUSES OF ACTION

### COUNT I
### Federal Civil Rights Claim

1.      That this is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Eighth Amendment to the United States Constitution and Title 42, U.S.C., Section 1983.

2.      That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, DR. ARTHUR HOFFMAN, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, DR. ARTHUR HOFFMAN.

4.      That at all times mentioned herein, the Defendant, DR. ARTHUR HOFFMAN, was an employee, physician, agent and/or apparent agent, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and as such practiced his profession in the medical facilities of the Metropolitan Correctional Center pursuant to their employment.

5.      That it then and there became and was the duty of the Defendants, THE UNITED

STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. ARTHUR HOFFMAN, to render medical services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said patients, including the Plaintiff's decedent, and to not display an utter indifference to the health, well-being and constitutional rights of the Plaintiff's decedent.

6.      That in May 2007, and for some time prior and subsequent thereto, DR. ARTHUR HOFFMAN, as agent, apparent agent, physician, servant, and/or employee, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, in his professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their care and did attend to and treat the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

7.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. ARTHUR HOFFMAN.

8.      That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed with and experiencing symptoms of seizure disorder associated with loss of consciousness prior to and during his incarceration at the facilities of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

9.      That at all times material herein, while the Plaintiff's decedent, HABIB SOLEBO, incarcerated at Defendants' facilities, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents,

apparent agents, physicians, servants, and/or employees, including but not limited to, DR. ARTHUR HOFFMAN, maliciously, and with an utter indifference towards the health and well-being of the Plaintiff's decedent, HABIB SOLEBO, failed to properly and adequately provide medical treatment for the Plaintiff's decedent medical condition, including but not limited to seizure disorder, while he was incarcerated at the Defendants facilities; to wit, the Defendants knew the Plaintiff's decedent was diagnosed with and experiencing symptoms of seizure disorder associated with loss of consciousness, the Plaintiff's decedent experienced numerous seizures with loss of consciousness prior to and during his incarceration at Metropolitan Correctional Center, the Defendants knew or should have known said seizures posed serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death, the Defendants failed to properly and adequately monitor the Plaintiff's decedent's medical condition in disregard of said risks, the Defendants failed to alleviate, treat and/or control the Plaintiff's decedent's medical condition in disregard of said risks, the Defendants placed the Plaintiff's decedent in general population in spite of previous numerous seizures and in disregard of said risks, and the Defendants denied the Plaintiff's decedent full-time medical monitoring at Defendants' prison facility in disregard of said risks.

10.     That as a direct and proximate result of the deliberately indifferent actions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. ARTHUR HOFFMAN, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

11.     That as a direct and proximate result of the deliberately indifferent actions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL

CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. ARTHUR HOFFMAN, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

12.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

13.     That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, and DR. ARTHUR HOFFMAN, and each of them, for said sum for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this court deems just and proper.

## COUNT II
### Federal Civil Rights Claim

6

1.      That this is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Eighth Amendment to the United States Constitution and Title 42, U.S.C., Section 1983.

2.      That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, DR. RENE VASQUEZ, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, DR. RENE VASQUEZ.

4.      That at all times mentioned herein, the Defendant, DR. RENE VASQUEZ, was an employee, physician, agent and/or apparent agent, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and as such practiced his profession in the medical facilities of the Metropolitan Correctional Center pursuant to their employment.

5.      That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. RENE VASQUEZ, to render medical services consistent with the constitutional

necessities of the prisoners therein, so as not to cause injury to said patients, including the Plaintiff's

decedent, and to not display an utter indifference to the health, well-being and constitutional rights

of the Plaintiff's decedent.

6.      That in May 2007, and for some time prior and subsequent thereto, DR. RENE

VASQUEZ, as agent, apparent agent, physician, servant, and/or employee, of the Defendants, THE

UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, in his

professional capacity as aforesaid, while acting in the scope of their employment and/or agency as

aforesaid, did then and there have come under their care and did attend to and treat the Plaintiff's

decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan

Correctional Center.

7.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO,

cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and

METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents,

physicians, servants, and/or employees, including but not limited to, DR. RENE VASQUEZ.

8.      That at all times material herein, and for some time prior to, the Plaintiff's decedent,

HABIB SOLEBO, was diagnosed with and experiencing symptoms of seizure disorder associated

with loss of consciousness prior to and during his incarceration at the facilities of the Defendants,

THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

9.      That at all times material herein, while the Plaintiff's decedent, HABIB SOLEBO,

incarcerated at Defendants' facilities, the Defendants, THE UNITED STATES OF AMERICA and

METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents,

apparent agents, physicians, servants, and/or employees, including but not limited to, DR. RENE

VASQUEZ, maliciously, and with an utter indifference towards the health and well-being of the

Plaintiff's decedent, HABIB SOLEBO, failed to properly and adequately provide medical treatment

for the Plaintiff's decedent medical condition, including but not limited to seizure disorder, while he was incarcerated at the Defendants facilities; to wit, the Defendants knew the Plaintiff's decedent was diagnosed with and experiencing symptoms of seizure disorder associated with loss of consciousness, the Plaintiff's decedent experienced numerous seizures with loss of consciousness prior to and during his incarceration at Metropolitan Correctional Center, the Defendants knew or should have known said seizures posed serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death, the Defendants failed to properly and adequately monitor the Plaintiff's decedent's medical condition in disregard of said risks, the Defendants failed to alleviate and/or control the Plaintiff's decedent's medical condition in disregard of said risks, the Defendants placed the Plaintiff's decedent in general population in spite of numerous previous seizures and in disregard of said risks, and the Defendants denied the Plaintiff's decedent full-time medical monitoring at Defendants' prison facility in disregard of said risks.

10.     That as a direct and proximate result of the deliberately indifferent actions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. RENE VASQUEZ, the Plaintiff's decedent, HABIB SOLEBO, was deprived proper and adequate medical treatment and was thereby injured and ultimately died on May 1, 2007 as a result of the Defendants' aforementioned conduct.

11.     That as a direct and proximate result of the deliberately indifferent actions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, DR. RENE VASQUEZ, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and

permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

12.    That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

13.    That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, and DR. RENE VASQUEZ, and each of them, for said sum for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this court deems just and proper.

## COUNT III
### Federal Civil Rights Claim

1.    That this is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Eighth Amendment to the United States Constitution and Title 42, U.S.C., Section 1983.

10

2.      That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its correctional officers, staff, supervisors, employees, agents and apparent agents, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its correctional officers, staff, supervisors, employees, agents and apparent agents, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO.

4.      That at all times mentioned herein, the Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and were duly appointed, qualified and acting correctional officers employed by Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.  That said Defendants are herein sued in their official capacity.

5.      That at all times material herein, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER provided their correctional officers, including but not limited to the Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, with official badges and credentials which designated and described them as correctional officers of the Defendants, THE UNITED STATES OF AMERICA

and METROPOLITAN CORRECTIONAL CENTER.

6.      That it then and there became and was the duty of the Defendants, THE UNITED
STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their
duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including
but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN
CORRECTIONAL OFFICER TWO, to provide prison services consistent with the constitutional
necessities of the prisoners therein, so as not to cause injury to said prisoners, including the
Plaintiff's decedent, and to not display an utter indifference to the health, well-being and
constitutional rights of the Plaintiff's decedent.

7.      That in May 2007, and for some time prior and subsequent thereto, the Defendants,
THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and
their duly authorized agents, apparent agents, correctional officers, servants, and/or employees,
including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN
CORRECTIONAL OFFICER TWO, in their professional capacity as aforesaid, while acting in the
scope of their employment and/or agency as aforesaid, did then and there have come under their
ward the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at
Metropolitan Correctional Center.

8.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO,
cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and
METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents,
correctional officers, servants, and/or employees, including but not limited to, UNKNOWN
CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO.

9.      That at all times material herein, and for some time prior to, the Plaintiff's decedent,
HABIB SOLEBO, was diagnosed with and experiencing symptoms of seizure disorder associated

12

with loss of consciousness prior to and during his incarceration at the facilities of the Defendants,

THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

10.     That at all times material herein, while the Plaintiff's decedent, HABIB SOLEBO,

incarcerated at Defendants' facilities, the Defendants, THE UNITED STATES OF AMERICA and

METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents,

apparent agents, correctional officers, servants, and/or employees, including but not limited to, DR

UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER

TWO, maliciously, and with an utter indifference towards the health and well-being of the Plaintiff's

decedent, HABIB SOLEBO, failed to properly and adequately monitor the Plaintiff's decedent

medical condition, including but not limited to seizure disorder, and delayed in providing medical

attention to the Plaintiff's decedent while he was incarcerated at the Defendants' facilities; to wit,

the Defendants knew the Plaintiff's decedent was diagnosed with and experiencing symptoms of

seizure disorder associated with loss of consciousness, the Defendants' correctional officers knew of

said diagnosis and Plaintiff's decedent's medical condition, the Plaintiff's decedent experienced

numerous seizures with loss of consciousness prior to and during his incarceration at Metropolitan

Correctional Center, the Defendants knew or should have known said seizures posed serious and/or

substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to:

more frequent seizures, more severe seizures, and death, the Defendants failed to monitor the

medical condition of the Plaintiff's decedent while in his cell in disregard of said risks, the

Defendants delayed in procuring medical attention for Plaintiff's decedent seizure prior to and on or

about May 1, 2007, and the Defendants allowed the Plaintiff's decedent to remain in his cell without

medical treatment for an unreasonably long period of time after said seizure prior to and on or about

May 1, 2007.

11.     That as a direct and proximate result of the deliberately indifferent actions of the

Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

12.     That as a direct and proximate result of the deliberately indifferent actions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

13.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

14.     That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein

14

pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, and UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, for said sum for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this court deems just and proper.

## COUNT IV
### Federal Civil Rights Claim

1.      That this is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Eighth Amendment to the United States Constitution and Title 42, U.S.C., Section 1983.

2.      That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its correctional officers, staff, supervisors, employees, agents and apparent agents, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its correctional officers, staff, supervisors, employees, agents and apparent agents.

4.      That at all times material herein, THE UNITED STATES OF AMERICA and

15

METROPOLITAN CORRECTIONAL CENTER provided their correctional officers and supervisors, with official badges and credentials which designated and described them as correctional officers and supervisors of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

5.     That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, to provide prison services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said prisoners, including the Plaintiff's decedent, and to not display an utter indifference to the health, well-being and constitutional rights of the Plaintiff's decedent.

6.     That in May 2007, and for some time prior and subsequent thereto, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors servants, and/or employees, in their professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their ward the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

7.     That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees.

8.     That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed with and experiencing symptoms of seizure disorder associated with loss of consciousness prior to and during his incarceration at the facilities of the Defendants,

16

THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

9.     That at all times material herein, while the Plaintiff's decedent, HABIB SOLEBO, incarcerated at Defendants' facilities, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, maliciously, and with an utter indifference towards the health and well-being of the Plaintiff's decedent, HABIB SOLEBO, failed to properly and adequately monitor the Plaintiff's decedent medical condition, including but not limited to seizure disorder, and delayed in providing medical attention to the Plaintiff's decedent while he was incarcerated at the Defendants' facilities; to wit, the Defendants knew the Plaintiff's decedent was diagnosed with and experiencing symptoms of seizure disorder associated with loss of consciousness, the Defendants' correctional officers and supervisors knew of said diagnosis and Plaintiff's decedent's medical condition, the Plaintiff's decedent experienced numerous seizures with loss of consciousness prior to and during his incarceration at Metropolitan Correctional Center, the Defendants knew or should have known said seizures posed serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death, the Defendants failed to properly and adequately supervise its correctional officers and employees in disregard of the medical conditions of the prisoners therein, including the Plaintiff's decedent, Defendants failed to train their correctional officers and employees in the proper and adequate procedure, technique and discipline for monitoring any serious medical conditions of the prisoners therein, including the Plaintiff's decedent, and the Defendants failed to train their correctional officers and employees in the proper and adequate procedure, technique and discipline for requesting and seeking medical for prisoners therein, including the Plaintiff's decedent.

10.     That as a direct and proximate result of the deliberately indifferent actions of the

Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

11.     That as a direct and proximate result of the deliberately indifferent actions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors servants, and/or employees, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

12.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

13.     That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as

Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, and METROPOLITAN CORRECTIONAL CENTER, and each of them, for said sum for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this court deems just and proper.

## COUNT V
### Negligence Claim

1.      That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, the Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

2.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, the Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, and that the Plaintiff's decedent, as a prisoner, was deprived of his normal opportunities for protection, treatment and care.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR

HOFFMAN and DR. RENE VASQUEZ.

4.      That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed by the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, with a seizure disorder associated with loss of consciousness while incarcerated at the Metropolitan Correctional Center.

5.      That at all times mentioned herein, the Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, were employees, physicians, agents and/or apparent agents, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and as such practiced their profession in the medical facilities of the Metropolitan Correctional Center pursuant to their employment.

6.      That in May 2007, and for some time prior and subsequent thereto, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, as agents, apparent agents, physicians, servants, and/or employees, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, in his professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their care and did attend to and treat the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

7.      That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, to render medical services consistent with the constitutional necessities of the prisoners therein, so as not to cause

injury to said prisoners therein who are under their control and dependent upon for care and treatment, including the Plaintiff's decedent, and so as not to negligently cause injury to said prisoners.

8.      That not regarding their aforesaid duty, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, were then and there guilty of one or more of the following wrongful acts and/or omissions:

(a)    Failed to provide for the safekeeping, care, and subsistence of all persons in their custody, including the Plaintiff's decedent, HABIB SOLEBO, pursuant to 18 U.S.C. § 4042(a)(2); or

(b)    Employed and engaged incompetent and unskilled personnel, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, and its other physicians, and each of them; or

(c)    Failed to exercise reasonable care in protecting inmates', namely the Plaintiff's decedent's, health and safety; or

(d)    Failed to provide proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(e)    Failed to timely provide proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(f)    Failed to provide proper and adequate medical attention to the Plaintiff's decedent until the time that Plaintiff's decedent could be cared and/or treated by others; or

(g)    Failed to monitor the condition of the Plaintiff, decedent, HABIB SOLEBO, under circumstances which they knew or should have known, required constant monitoring, namely that of a seizure disorder associated with loss of consciousness; or

(h)    Failed to intervene on behalf of the Plaintiff's decedent to see that proper and adequate medical care and attention was being given for the Plaintiff's decedent's condition, including but not limited to seizure disorder; or

(i)    Placed the Plaintiff's decedent in general population in spite of previous numerous

seizures and in disregard of the serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death; or

(j) Denied the Plaintiff's decedent full-time medical monitoring at Defendants' prison facility in disregard of the serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death; or

(k) Failed to timely place Plaintiff's decedent in full-time medical monitoring at Defendants' prison facility in disregard of the serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death.

9.      That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

10.      That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as

incurring other expenses, including wage loss.

11.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against the Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, for said sum for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this court deems just and proper.

## COUNT VI
### Willful and Wanton Claim

1.     That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, the Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

2.     That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a

federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its physicians, staff, supervisors, employees, agents and apparent agents, including but not limited to, the Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, and that the Plaintiff's decedent, as a prisoner, was deprived of his normal opportunities for protection, treatment and care.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ.

4.      That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed by the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, with a seizure disorder associated with loss of consciousness while incarcerated at the Metropolitan Correctional Center.

5.      That at all times mentioned herein, the Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, were employees, physicians, agents and/or apparent agents, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and as such practiced their profession in the medical facilities of the Metropolitan Correctional Center pursuant to their employment.

6.      That in May 2007, and for some time prior and subsequent thereto, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, as agents, apparent agents, physicians, servants, and/or employees, of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN

24

CORRECTIONAL CENTER, in his professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their care and did attend to and treat the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

7.    That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, to render medical services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said prisoners therein who are under their control and dependent upon for care and treatment, including the Plaintiff's decedent, and to refrain from willful and wanton conduct which would endanger the safety and/or welfare of those prisoners, including the Plaintiff's decedent, under their custody.

8.    That not regarding their aforesaid duty, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, were then and there guilty of one or more of the following willful and wanton acts and/or omissions:

(a)    Failed to provide for the safekeeping, care, and subsistence of all persons in their custody, including the Plaintiff's decedent, HABIB SOLEBO, pursuant to 18 U.S.C. § 4042(a)(2), when they knew or should have known said failure displayed an utter indifference to the safety and/or welfare of those prisoners, including the Plaintiff's decedent, under their custody; or

(b)    Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to protect inmates', namely the Plaintiff's decedent's, health and safety, when the Defendants' knew of Plaintiff's decedent's diagnosed medical condition, including but not limited to seizure disorder; or

(c)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to provide proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(d)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to timely provide proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(e)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to provide proper and adequate medical attention to the Plaintiff's decedent until the time that Plaintiff's decedent could be cared and/or treated by others; or

(f)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to monitor the condition of the Plaintiff, decedent, HABIB SOLEBO, under circumstances which they knew or should have known, required constant monitoring, namely that of a seizure disorder associated with loss of consciousness; or

(g)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to intervene on behalf of the Plaintiff's decedent to see that proper and adequate medical care and attention was being given for the Plaintiff's decedent's condition, including but not limited to seizure disorder; or

(h)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by placing the Plaintiff's decedent in general population in spite of previous numerous seizures and in disregard of the serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death; or

(i)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by denying the Plaintiff's decedent full-time medical monitoring at Defendants' prison facility in disregard of the serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death; or

(j)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to timely place Plaintiff's decedent in full-time medical monitoring at Defendants' prison facility in disregard of the serious and/or substantial risks to the health and well-being of the Plaintiff's decedent, including but not limited to: more frequent seizures, more severe seizures, and death.

9.     That as a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions of the Defendants, THE UNITED STATES OF AMERICA and

METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

10.     That as a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, physicians, servants, and/or employees, including but not limited to, Defendants, DR. ARTHUR HOFFMAN and DR. RENE VASQUEZ, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

11.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against the Defendants,

THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR.
ARTHUR HOFFMAN and DR. RENE VASQUEZ, for said sum for medical, drug, and incidental
expenses and for general damages according to proof, and for such other and further relief as this
court deems just and proper.

**COUNT VII**
**Negligence Claim**

1.      That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's
decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was
placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF
AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its correctional officers, staff,
supervisors, employees, agents and apparent agents, including but not limited to, Defendants,
UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER
TWO, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical
knowledge, nor did he have the facilities to care for, mend or cure himself.

2.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a
federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES
OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its correctional
officers, staff, supervisors, employees, agents and apparent agents, including but not limited to,
Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL
OFFICER TWO, and that the Plaintiff's decedent, as a prisoner, was deprived of his normal
opportunities for protection, treatment and care.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO,
cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and
METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents,

28

correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO.

4.      That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed with a seizure disorder associated with loss of consciousness while incarcerated at the facilities of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

5.      That at all times mentioned herein, the Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and were duly appointed, qualified and acting correctional officers employed by Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.  That said Defendants are herein sued in their official capacity.

6.      That at all times material herein, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER provided their correctional officers, including but not limited to the Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, with official badges and credentials which designated and described them as correctional officers of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

7.      That in May 2007, and for some time prior and subsequent thereto, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, in their professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their ward the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at

Metropolitan Correctional Center.

8.     That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, to provide prison services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said prisoners, including the Plaintiff's decedent, and so as not to negligently cause injury to said patients.

9.     That not regarding their aforesaid duty, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, were then and there guilty of one or more of the following wrongful acts and/or omissions:

(a)     Failed to provide for the safekeeping, care, and subsistence of all persons in their custody, including the Plaintiff's decedent, HABIB SOLEBO, pursuant to 18 U.S.C. § 4042(a)(2); or

(b)     Employed and engaged incompetent and unskilled personnel, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, and its other correctional officers, and each of them; or

(c)     Failed to exercise reasonable care in protecting inmates', namely the Plaintiff's decedent's, health and safety; or

(d)     Failed to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(e)     Failed to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent until the time that Plaintiff's decedent could be cared and/or treated by others; or

(f)     Failed to monitor the condition of the Plaintiff, decedent, HABIB SOLEBO, under circumstances which they knew or should have known, required constant monitoring, namely that of a seizure disorder associated with loss of consciousness; or

(g)     Failed to intervene on behalf of the Plaintiff's decedent to see that proper and adequate care, attention and monitoring was being given for the Plaintiff's decedent's condition, including but not limited to seizure disorder; or

(h)     Delayed in procuring medical attention for Plaintiff's decedent seizure on or about May 1, 2007; or

(i)     Allowed the Plaintiff's decedent to remain in his cell without medical treatment for an unreasonably long period of time after said seizure on or about May 1, 2007.

10.     That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

11.     That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the

decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

12.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

13.     That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, for a fair and reasonable sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for attorneys fees and costs, and for such other relief as is just and proper.

## COUNT VIII
## Willful and Wanton Claim

1.     That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF

AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its correctional officers, staff, supervisors, employees, agents and apparent agents, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

2.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its correctional officers, staff, supervisors, employees, agents and apparent agents, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and that the Plaintiff's decedent, as a prisoner, was deprived of his normal opportunities for protection, treatment and care.

3.      That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO.

4.      That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed with a seizure disorder associated with loss of consciousness while incarcerated at the facilities of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

5.      That at all times mentioned herein, the Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and were duly appointed, qualified and acting correctional officers employed by Defendants, THE UNITED STATES OF

AMERICA and METROPOLITAN CORRECTIONAL CENTER. That said Defendants are herein sued in their official capacity.

6.      That at all times material herein, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER provided their correctional officers, including but not limited to the Defendants, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, with official badges and credentials which designated and described them as correctional officers of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

7.      That in May 2007, and for some time prior and subsequent thereto, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, in their professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their ward the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

8.      That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, to provide prison services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said prisoners, including the Plaintiff's decedent, to refrain from willful and wanton conduct which would endanger the safety and/or welfare of those prisoners, including the Plaintiff's decedent, under their custody.

34

9.     That not regarding their aforesaid duty, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, Defendants, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, were then and there guilty of one or more of the following willful and wanton acts and/or omissions:

(a)     Failed to provide for the safekeeping, care, and subsistence of all persons in their custody, including the Plaintiff's decedent, HABIB SOLEBO, pursuant to 18 U.S.C. § 4042(a)(2), when they knew or should have known said failure displayed an utter indifference to the safety and/or welfare of those prisoners, including the Plaintiff's decedent, under their custody; or

(b)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to protect inmates', namely the Plaintiff's decedent's, health and safety, when the Defendants' knew or should have known of Plaintiff's decedent's medical condition, including but not limited to seizure disorder; or

(c)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(d)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent until the time that Plaintiff's decedent could be cared and/or treated by others; or

(e)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to monitor the condition of the Plaintiff, decedent, HABIB SOLEBO, under circumstances which they knew or should have known, required constant monitoring, namely that of a seizure disorder associated with loss of consciousness; or

(f)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to intervene on behalf of the Plaintiff's decedent to see that proper and adequate care, attention and monitoring was being given for the Plaintiff's decedent's condition, including but not limited to seizure disorder; or

(g)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by delaying in procuring medical attention for Plaintiff's decedent seizure on or

about May 1, 2007; or

(h)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent
by allowing the Plaintiff's decedent to remain in his cell without medical treatment
for an unreasonably long period of time after said seizure on or about May 1, 2007.

10.     That as a direct and proximate result of one or more of the foregoing willful and
wanton acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and
METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents,
apparent agents, correctional officers, servants, and/or employees, including but not limited to,
UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER
TWO, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and
was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

11.     That as a direct and proximate result of one or more of the foregoing willful and
wanton acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and
METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents,
apparent agents, correctional officers, servants, and/or employees, including but not limited to,
UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER
TWO, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and
externally; that he suffered severe and permanent injuries, including but not limited to, the
worsening of medical condition and seizure disorder leading to death; that he suffered acute and
prolonged physical and mental pain and suffering and death, and wage loss; and that the
Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great
sums of money for medical, hospital care and treatment, and attendant care, as well as incurring
other expenses, including wage loss.

12.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as
Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for

36

Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

13.    That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, , and their duly authorized agents, apparent agents, correctional officers, servants, and/or employees, including but not limited to, UNKNOWN CORRECTIONAL OFFICER ONE and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, for a fair and reasonable sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for attorneys fees and costs, and for such other relief as is just and proper.

## COUNT IX
### Negligence Claim

1.    That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its correctional officers, staff, supervisors, employees, agents and apparent agents, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

2.    That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a

federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its correctional officers, staff, supervisors, employees, agents and apparent agents, and that the Plaintiff's decedent, as a prisoner, was deprived of his normal opportunities for protection, treatment and care.

3.    That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees.

4.    That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed with a seizure disorder associated with loss of consciousness while incarcerated at the facilities of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

5.    That at all times material herein, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER provided their correctional officers and supervisors, with official badges and credentials which designated and described them as correctional officers and supervisors of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

6.    That in May 2007, and for some time prior and subsequent thereto, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors servants, and/or employees, in their professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their ward the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

7.    That it then and there became and was the duty of the Defendants, THE UNITED

STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, to provide prison services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said prisoners, including the Plaintiff's decedent, and so as not to negligently cause injury to said patients.

8.     That not regarding their aforesaid duty, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, were then and there guilty of one or more of the following wrongful acts and/or omissions:

(a)     Failed to provide for the safekeeping, care, and subsistence of all persons in their custody, including the Plaintiff's decedent, HABIB SOLEBO, pursuant to 18 U.S.C. § 4042(a)(2); or

(b)     Employed and engaged incompetent and unskilled personnel, supervisors and its other correctional officers, and each of them; or

(c)     Failed to exercise reasonable care in protecting inmates', namely the Plaintiff's decedent's, health and safety; or

(d)     Failed to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(e)     Failed to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent until the time that Plaintiff's decedent could be cared and/or treated by others; or

(f)     Failed to monitor the condition of the Plaintiff, decedent, HABIB SOLEBO, under circumstances which they knew or should have known, required constant monitoring, namely that of a seizure disorder associated with loss of consciousness; or

(g)     Failed to intervene on behalf of the Plaintiff's decedent to see that proper and adequate care, attention and monitoring was being given for the Plaintiff's decedent's condition, including but not limited to seizure disorder; or

(h)     Failed to properly and adequately supervise its correctional officers and employees in disregard of the medical conditions of the prisoners therein, including the Plaintiff's decedent; or

(i)    Failed to train their correctional officers and employees in the proper and adequate procedure, technique and discipline for monitoring any serious medical conditions of the prisoners therein, including the Plaintiff's decedent; or

(j)    Failed to train their correctional officers and employees in the proper and adequate procedure, technique and discipline for requesting and seeking medical for prisoners therein, including the Plaintiff's decedent.

9.    That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

10.    That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical, hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

11.    That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional

Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

12.     That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, and each of them, for a fair and reasonable sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for attorneys fees and costs, and for such other relief as is just and proper.

## COUNT X
### Willful and Wanton Claim

1.     That in May 2007, and for some time prior and subsequent thereto, the Plaintiff's decedent, HABIB SOLEBO, was imprisoned at the Metropolitan Correctional Center and was placed under the custody, ward, care and supervision of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and its correctional officers, staff, supervisors, employees, agents and apparent agents, as aforesaid; that the Plaintiff's decedent possessed no medical or professional medical knowledge, nor did he have the facilities to care for, mend or cure himself.

2.     That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, was a federal inmate and dependent upon and under the control of Defendants', THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, prison and its correctional

officers, staff, supervisors, employees, agents and apparent agents, and that the Plaintiff's decedent, as a prisoner, was deprived of his normal opportunities for protection, treatment and care.

3.     That at all times material herein, the Plaintiff's decedent, HABIB SOLEBO, cooperated fully with the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees.

4.     That at all times material herein, and for some time prior to, the Plaintiff's decedent, HABIB SOLEBO, was diagnosed with a seizure disorder associated with loss of consciousness while incarcerated at the facilities of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

5.     That at all times material herein, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER provided their correctional officers and supervisors with official badges and credentials which designated and described them as correctional officers and supervisors of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER.

6.     That in May 2007, and for some time prior and subsequent thereto, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, and their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, in their professional capacity as aforesaid, while acting in the scope of their employment and/or agency as aforesaid, did then and there have come under their ward the Plaintiff's decedent, HABIB SOLEBO, while the Plaintiff's decedent was a prisoner at Metropolitan Correctional Center.

7.     That it then and there became and was the duty of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or

employees, to provide prison services consistent with the constitutional necessities of the prisoners therein, so as not to cause injury to said prisoners, including the Plaintiff's decedent, to refrain from willful and wanton conduct which would endanger the safety and/or welfare of those prisoners, including the Plaintiff's decedent, under their custody.

8.      That not regarding their aforesaid duty, the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, were then and there guilty of one or more of the following willful and wanton acts and/or omissions:

(a)     Failed to provide for the safekeeping, care, and subsistence of all persons in their custody, including the Plaintiff's decedent, HABIB SOLEBO, pursuant to 18 U.S.C. § 4042(a)(2), when they knew or should have known said failure displayed an utter indifference to the safety and/or welfare of those prisoners, including the Plaintiff's decedent, under their custody; or

(b)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to protect inmates', namely the Plaintiff's decedent's, health and safety, when the Defendants' knew or should have known of Plaintiff's decedent's medical condition, including but not limited to seizure disorder; or

(c)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent, when the Defendants knew or should have known the Plaintiff's decedent was ill and/or injured, including but not limited to seizure disorder; or

(d)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to request, order, and/or procure proper and adequate medical attention to the Plaintiff's decedent until the time that Plaintiff's decedent could be cared and/or treated by others; or

(e)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to monitor the condition of the Plaintiff, decedent, HABIB SOLEBO, under circumstances which they knew or should have known, required constant monitoring, namely that of a seizure disorder associated with loss of consciousness; or

(f)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to intervene on behalf of the Plaintiff's decedent to see that proper and adequate care, attention and monitoring was being given for the Plaintiff's

decedent's condition, including but not limited to seizure disorder; or

(g)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to properly and adequately supervise its correctional officers and employees in disregard of the medical conditions of the prisoners therein, including the Plaintiff's decedent; or

(h)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to train their correctional officers and employees in the proper and adequate procedure, technique and discipline for monitoring any serious medical conditions of the prisoners therein, including the Plaintiff's decedent; or

(i)     Displayed an utter indifference to the safety and/or welfare of the Plaintiff's decedent by failing to train their correctional officers and employees in the proper and adequate procedure, technique and discipline for requesting and seeking medical for prisoners therein, including the Plaintiff's decedent; or.

9.     That as a direct and proximate result of one or more of the foregoing willful and wanton acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, the Plaintiff's decedent, HABIB SOLEBO, was deprived necessary medical treatment and was thereby injured and ultimately died on May 1, 2007 after a seizure in his cell.

10.     That as a direct and proximate result of one or more of the foregoing willful and wanton acts and omissions of the Defendants, THE UNITED STATES OF AMERICA and METROPOLITAN CORRECTIONAL CENTER, by and through their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, the Plaintiff's decedent, HABIB SOLEBO, was then and there injured both internally and externally; that he suffered severe and permanent injuries, including but not limited to, the worsening of medical condition and seizure disorder leading to death; that he suffered acute and prolonged physical and mental pain and suffering and death, and wage loss; and that the Administrator of the decedent's Estate, DOMINIQUE FORD-SHOLEBO, became liable for great sums of money for medical,

hospital care and treatment, and attendant care, as well as incurring other expenses, including wage loss.

11.     That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

12.     That the Plaintiff is entitled to her costs and reasonable attorneys fees incurred herein pursuant to 42 United States Code, Section 1988.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, , and their duly authorized agents, apparent agents, correctional officers, supervisors, servants, and/or employees, and each of them, for a fair and reasonable sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for attorneys fees and costs, and for such other relief as is just and proper.

## COUNT XI

1-125.  Plaintiff DOMINIQUE FORD-SHOLEBO, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count I hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count II hereof, restates and realleges paragraphs one (1) through fourteen (14) inclusive of Count III hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count IV hereof, restates and realleges paragraphs one (1) through eleven (11) inclusive of Count V hereof, restates and realleges paragraphs one (1) through eleven (11) inclusive of Count

VI hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count VII hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count VIII hereof, restates and realleges paragraphs one (1) through twelve (12) inclusive of Count IX hereof, restates and realleges paragraphs one (1) through twelve (12) inclusive of Count X hereof, as and for paragraphs one (1) through one hundred twenty-five (125) of this Count XI, as though specifically realleged herein and hereby incorporates the same by this reference.

126.    At all times mentioned herein, Plaintiff's decedent, HABIB SOLEBO, was the husband of the Plaintiff DOMINIQUE FORD-SHOLEBO, and during all such times, the Plaintiff DOMINIQUE FORD-SHOLEBO, and the Plaintiff's decedent, HABIB SOLEBO, were living together as husband and wife.

127.    That by reason of the injury and death of the Plaintiff's decedent, HABIB SOLEBO, as aforementioned in the Complaint, the Plaintiff DOMINIQUE FORD-SHOLEBO, was caused to and did suffer a loss of consortium, goods, services and companionship of the Plaintiff's decedent, HABIB SOLEBO.

128.    That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

WHEREFORE, the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE,

and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this Court deems just and proper.

## COUNT XII

1-125.  Plaintiff DOMINIQUE FORD-SHOLEBO, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count I hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count II hereof, restates and realleges paragraphs one (1) through fourteen (14) inclusive of Count III hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count IV hereof, restates and realleges paragraphs one (1) through eleven (11) inclusive of Count V hereof, restates and realleges paragraphs one (1) through eleven (11) inclusive of Count VI hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count VII hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count VIII hereof,  restates and realleges paragraphs one (1) through twelve (12) inclusive of Count IX hereof, restates and realleges paragraphs one (1) through twelve (12) inclusive of Count X hereof, as and for paragraphs one (1) through one hundred twenty-five (125) of this Count XII, as though specifically realleged herein and hereby incorporates the same by this reference

126.    That on or about May 1, 2007, and at all times relevant and subsequent thereto, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually, did then and there become liable for large sums of money for the medical costs of the Plaintiff's decedent, HABIB SOLEBO, pursuant to the Family Expense Act, 750 ILCS 65/15.

127.    That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28,

2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

WHEREFORE, the Plaintiff, DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, for medical costs according to proof and for such other and further relief as this Court deems just and proper.

## **COUNT XIII**

1-128.  Plaintiff DOMINIQUE FORD-SHOLEBO, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count I hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count II hereof, restates and realleges paragraphs one (1) through fourteen (14) inclusive of Count III hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count IV hereof, restates and realleges paragraphs one (1) through eleven (11) inclusive of Count V hereof, restates and realleges paragraphs one (1) through eleven (11) inclusive of Count VI hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count VII hereof, restates and realleges paragraphs one (1) through thirteen (13) inclusive of Count VIII hereof,  restates and realleges paragraphs one (1) through twelve (12) inclusive of Count IX hereof, restates and realleges paragraphs one (1) through twelve (12) inclusive of Count X hereof, restates and realleges paragraphs one hundred twenty-six (126) through one hundred twenty-eight (128) inclusive of Count XI hereof, as and for paragraphs one (1) through one hundred twenty-eight (128) of this Count XIII, as though specifically realleged herein and hereby incorporates the same by this reference.

129.    That as a direct and proximate result of one or more of the foregoing wrongful acts

and omissions of the Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, the condition of ill-being suffered by the Plaintiff's decedent was exacerbated and resulted in his death.

130.    That the Plaintiff's decedent, HABIB SOLEBO, left surviving him, his wife, DOMINIQUE FORD-SHOLEBO, and his child, Jadesola Sholebo, as his only heirs-at-law and next of kin.

131.    That by reason of the death of Plaintiff's decedent, HABIB SOLEBO, as aforesaid, the aforesaid individuals have been deprived of large sums of money and valuable services which the Plaintiff's decedent would have performed but for his untimely death, as well as suffering loss of society and companionship, loss of consortium, losses for attendant care, and grief, sorrow and mental suffering as a result of the death of Plaintiff's decedent, HABIB SOLEBO.

132.    That on or about May 1, 2007, and at all times relevant and subsequent thereto, the Plaintiff DOMINIQUE FORD-SHOLEBO, individually, did then and there become liable for large sums of money for the medical costs of the Plaintiff's decedent, HABIB SOLEBO, pursuant to the Family Expense Act, 750 ILCS 65/15.

133.    That this cause of action is brought pursuant to the Wrongful Death Act, 740 ILCS 180/0.01, et seq.

134.    That this cause of action is brought within two years of the death of HABIB SOLEBO.

135.    That the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, filed a Standard Form 95, a Claim for Damage, Injury or Death, with the Federal Bureau of Prisons and the Metropolitan Correctional

Center in the amount of forty million dollars ($45,000,000.00), which was received on April 28, 2008; and that the Plaintiff never received a denial letter prior to the expiration of the six month statute and therefore the claim is deemed denied.

WHEREFORE, the Plaintiff DOMINIQUE FORD-SHOLEBO, individually and as Administrator of the Estate of HABIB SOLEBO, deceased, prays judgment against Defendants, THE UNITED STATES OF AMERICA, METROPOLITAN CORRECTIONAL CENTER, DR. ARTHUR HOFFMAN, DR. RENE VASQUEZ, UNKNOWN CORRECTIONAL OFFICER ONE, and UNKNOWN CORRECTIONAL OFFICER TWO, and each of them, for medical, drug, and incidental expenses and for general damages according to proof, and for such other and further relief as this Court deems just and proper.

DOMINIQUE FORD-SHOLEBO, individually, and as Administrator of the Estate of HABIB SOLEBO, deceased

By: /s/ Cindy G. Fluxgold_____
One of Plaintiff's Attorneys

GOLDSTEIN, FLUXGOLD & BARON, P.C.
33 North Dearborn Street, Suite 1930
Chicago, IL 60602
(312) 726-7772